IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BILLIE JEAN SAMPSON,

      **Plaintiff,**

v.                                                                    Civil Action No. 3:19cv157

**BENEFICIAL FINANCIAL I, INC.,**

      **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Beneficial Financial I, Inc.'s ("Beneficial") Rule 41(d) Motion to Stay Action, (ECF No. 2), and Beneficial's Motion for Extension of Time to Respond to Complaint, (ECF No. 4). The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. For the reasons that follow, the Court will deny Beneficial's Rule 41(d) Motion to Stay Action and grant Beneficial's Motion for Extension of Time to Respond to Complaint.[1]

### I. Factual and Procedural Background

#### A. Summary of Allegations in the Complaint

In March 2002, Sampson and her husband entered into a mortgage loan as borrowers with Beneficial Mortgage Company of Virginia as the lender. (Compl. ¶ 4, ECF No. 1-1) The

---

[1] Beneficial filed its Motion for Extension of Time to Respond to Complaint in the event the Court denies the Motion to Stay. Specifically, Beneficial requests "it be granted fourteen days from the date of the denial to answer, move or otherwise plead in response to Plaintiff's [C]omplaint." (Mot. Ext. 1, ECF No. 4.) For good cause shown, the Court will grant Beneficial's Motion for Extension.

mortgage loan was evidenced by a Loan Repayment and Security Agreement, secured by a deed of trust, and recorded in the Circuit Court of Henrico County ("Henrico County Circuit Court") clerk's office. (*Id.*) Beneficial Financial, Inc. ("Beneficial") replaced Beneficial Mortgage Company of Virginia as the successor in interest. (*Id.* ¶ 10.)

In February 2005, Beneficial informed Sampson via letter that it had reduced the interest rate on her loan, thereby lowering her required monthly payments. (*Id.* ¶ 12.) In January 2010, Beneficial sent Sampson another letter, informing her that her interest rate would be further decreased for six months, further reducing her required monthly payments. (*Id.* ¶ 13.) At an unspecified point later on, Sampson paid a representative of Beneficial $10,975. (*Id.*) Of that total, she paid $5,975 through a cashier's check and $5,000 in cash. (*Id.*) Beneficial cashed the cashier's check, but it did not credit Sampson for the $5,975 payment made by that check. (*Id.*)

In February 2013, Beneficial sent Sampson a letter, offering her a six-month loan modification. (*Id.* ¶ 32.) The letter assured Sampson that Beneficial would give her a loan modification as long as she made required (lower) monthly payments for the next two months. (*Id.*) Sampson states that she authorized Beneficial to withdraw several payments from her account, and that she made another payment via check to Beneficial. (*Id.* ¶ 35.) In April 2013, however, Beneficial claimed that it did not receive two qualifying payments. (Compl. Ex. D.) At some point after offering Sampson the loan modification, Beneficial told her that it would accelerate the loan and foreclose on her home if she did not pay $6,591.31 by April 1, 2013. (*Id.* ¶ 39.)

Sampson alleges that Beneficial never sent her a proper 30-day cure notice as required by paragraph 17 of the Deed of Trust, but nonetheless appointed Surety Trustees, LLC ("Surety") as substitute trustee on the deed of trust and instructed Surety to foreclose on Sampson's home. (*Id.*

2

¶ 14–15.) In March 2014, Surety conducted a "purported" foreclosure sale of the home, at which Beneficial made the high bid. (*Id.* ¶ 17.) Surety executed a "purported" trustee's deed, which conveyed ownership of Sampson's home to Beneficial. (*Id.* ¶ 18.) After the foreclosure, Beneficial issued negative reports regarding Sampson to credit reporting agencies. (*Id.* 25.) After Beneficial scheduled a lock-out of Sampson to evict her from her home, Sampson filed a complaint in the Circuit Court of Henrico County, Virginia. (*Id.* ¶¶ 24, 27.) In response to the filing of Sampson's complaint, Beneficial canceled the lock-out, and Sampson voluntarily vacated the home. (*Id.* ¶¶ 27–28.)

Sampson states that through Beneficial's foreclosure on her home and its conduct leading up to, and subsequent to, the foreclosure, Beneficial breached the terms of paragraph 17 of the Deed of Trust and breached the terms of the Loan Modification Offer. (*Id.* ¶¶ 29, 40.) She also concludes that the Beneficial's underlying breaches of contract made the purported foreclosure and trustee's deed void, or alternatively, voidable. (*Id.* ¶ 41.) As a result of Beneficial's foreclosure on Sampson's home, Sampson avers that she sustained a variety of damages and related legal and relocation costs, including loss of title to her home as well as damage to her credit record. (*Id.* ¶¶ 29, 42.)

### B.    Procedural History

In May 2015, Sampson filed her first complaint against Beneficial and Surety in the Henrico County Circuit Court, alleging breach of contract of the deed of trust, breach of contract of a loan modification, and breach of the implied covenant of good faith and fair dealing. (Mem. Supp. Rule 41(d) Mot. Stay 2, ECF No. 3). In January 2016, she filed an amended complaint that did not substantively change her claims. (*Id.* 2–3.) In March 2018, she filed a second amended complaint, in which she discarded her claim to rescind the foreclosure sale of her

3

home. (*Id.* 3.) Later, the Henrico County Circuit Court dismissed the claim regarding breach of the implied warranties of good faith and fair dealing. (*Id.*) In July 2018, during a hearing on summary judgment, the Henrico County Circuit Court denied summary judgment, but also expressed skepticism regarding Sampson's ability to "meet her burdens of proof at trial." (*Id.*) Less than one week before the scheduled jury trial, Sampson filed a motion to non-suit her claims. (*Id.*)

Several months later, Sampson re-filed her claims against Beneficial in Henrico County Circuit Court alleging breach of contract of the deed of trust and breach of contract of a loan modification. (*Id.*) While there exist some differences between the complaints in the two suits, they are substantially similar. (*Id.*) They both plead the same causes of action for Counts I and II, they seek the same damages, and they include the same attached exhibits.[2] (*Id.*)

In March 2019, Beneficial removed the underlying action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Notice of Removal, ECF No.1.) Beneficial then filed the instant Rule 41(d) Motion to Stay "pending the payment of its reasonable attorneys' fees and costs in defending the previously filed state court litigation." (Mot. Stay, ECF No. 2.)

## II. Standard of Review: Federal Rule of Civil Procedure 41(d)

Federal Rule of Civil Procedure 41(d) states that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that

---

[2] The primary difference between the two suits appears to be the addition of further detail about a transaction between Sampson and a Beneficial employee in 2007. (Mem. Supp. Rule 41(d) Mot. Stay Ex. 3 ¶ 13 H–O.) However, Beneficial notes that "there is nothing in these allegations that is new or newly discovered" and Sampson does not contend that the additional factual details materially alter the Complaint, or otherwise improve her ability to meet the burden of proof at trial. (*Id.* 4.)

4

previous action[] and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d). A court's decision to award costs pursuant to Rule 41(d) is discretionary. *Andrews v. America's Living Ctrs., LLC*, 827 F.3d 306, 312 (4th Cir. 2016) ("In general, 'the decision whether and in what amount to award attorney[s'] fees is one commit[t]ed to the award court's discretion . . . ." (quoting *United Food & Commercial Workers, Local 400 v. Marval Poultry Co.*, 876 F.2d 346, 350-51 (4th Cir. 1989)).

Rule 41(d) does not expressly permit courts to award attorneys' fees as part of costs. Fed. R. Civ. P. 41(d); *Andrews*, 827 F.3d at 309. Courts have noted, however, that Rule 41(d) exists "to serve as a deterrent to forum shopping and vexatious litigation." *Andrews*, 827 F.3d at 309 (quoting *Simeone v. First Bank Nat'l Ass'n*, 971 F.2d 103, 108 (8th Cir. 1992)). "This includes attempts to 'gain any tactical advantage by dismissing and refiling th[e] suit.'" *Id.* (quoting *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000)). Although federal courts of appeal around the country have reached differing conclusions on the question of whether Rule 41(d) "costs" include attorneys' fees, *id.* at 310; *Horowitz v. 148 S. Emerson Assocs., LLC*, 888 F.3d 13, 24 (2d Cir. 2018) ("The issue has split our sister courts."), the United States Court of Appeals for the Fourth Circuit has held that a district court may award attorneys' fees under Rule 41(d) in two circumstances: (1) when the "underlying statute provides for attorneys' fees", and (2) in cases where "plaintiff has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* at 311 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975)).

The Fourth Circuit has explained that "vexatious means 'without reasonable or probable cause or excuse.'" *Andrews*, 827 F.3d at 312 (quoting *In re 1997 Grand Jury*, 215 F.3d 430, 436 (4th Cir. 2000)). A determination that a plaintiff has acted vexatiously turns on the facts of the

5

case and the court's own assessment of the plaintiff's behavior. *See id.* at 313 (stating that the plaintiff did not act "without reason or cause" when she dismissed her first case and then refiled "the current lawsuit after adding and amending the factual allegations in an attempt to strengthen the case," and consequently finding that she had not acted vexatiously) (quoting *Costin v. Ally Bank Corp.*, No. 7:13cv113, 2013 WL 5603230, at *1 (E.D.N.C. Oct. 11, 2013))).[3]

### III. Analysis: The Court Will Deny Beneficial's Rule 41(d) Motion

Rule 41(d) authorizes a federal court to exercise its discretion in deciding whether to stay proceedings until the plaintiff pays the defendant's attorneys' fees associated with the prior similar litigation. Fed. R. Civ. P. 41(d); *Andrews*, 827 F.3d at 312. Based on the record before it, this Court declines to stay the proceedings and declines to award attorneys' fees to Beneficial for the prior litigation in the Henrico County Circuit Court.

Despite Beneficial's assertions to the contrary, nothing in the record suggests that Sampson acted "vexatiously," that is, "without reason or cause," in filing the instant Complaint after non-suiting her prior case against Beneficial. *Andrews*, 827 F.3d at 313. Indeed, Virginia law allows plaintiffs to take one nonsuit "to a cause of action or against the same party to the proceeding, as a matter of right," and then file a new proceeding in the same court based on the same cause of action or against the same party. Va. Code Ann. § 8.01-380(B). The Court is disinclined to punish Sampson for exercising her rights provided by Virginia law.

In addition, Beneficial's claim that Sampson has engaged in forum shopping lacks merit. Sampson re-filed her case in the exact same court in which she had filed her prior case: Henrico

---

[3] The *Andrews* court also found that, without vexatious or wanton conduct, or actions carried out in bad faith or for oppressive reasons, an allegation that the plaintiff's behavior "increase[ed] the costs of defending the previous action, wast[ed] judicial resources, and avoid[ed] an adverse ruling" proved insufficient to justify an award of attorneys' fees. *Andrews*, 827 F.3d at 313. Evidence must show that the plaintiff acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 311, 313.

6

County Circuit Court. As Sampson herself states, she had no say in the assignment of a judge to her re-filed case, and "[n]othing would have prevented the circuit court from assigning the same judge to the case." (Mem. Opp. Def.'s Mot. Stay 2, ECF No. 13.) And even if Sampson had engaged in forum shopping when she re-filed her claims, Beneficial ultimately chose the forum for the adjudication of this dispute by removing Sampson's case to this Court.

## IV. Conclusion

For the foregoing reasons, the Court will deny Beneficial's Rule 41(d) Motion to Stay, (ECF No. 2), and grant the Motion for Extension of Time to Respond to the Complaint, (ECF No. 4). An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: October 16, 2019
Richmond, Virginia